Judge Grimke
delivered the opinion of the court:
This was an ejectment, of which an agreed ease has been made, and the facts are simply these: William Gooden, deceased, under whom both parties claim title, acquired the land in controversy, by purchase. He was an illegitimate son of Mary Hodges, formerly MaryHurlbut; and died in December, 1834, intestate. His widow survived him a short time, and died, leaving the lessors of the plaintiff, her brothers and sisters, her heirs at law. *Mary Hurlbut, the mother of William Gooden, died before him, leaving no issue except himself, and her heirs at law, her brothers and sisters, survived both William Gooden and his wife, and conveyed the premises in question to the defendants.
The statute in force at the death of all the parties mentioned, was passed February 24, 1831 Section 5 enables, the mother to inherit, and section 6 provides for the inheritance of kindred more remote; and the only contingency upon which the widow becomes heir is mentioned in section 7, and is where there is no heir of the blood of the intestate. If, then, William Gooden had been a legitimate child, the title of the defendants could not be disputed, and the only question is, whether section 12 has removed the disability arising from his illegitimacy. This is its language: “Bastards shall be capable of inheriting; or of transmitting inheritance on the part of their, mother, in like manner as if they had been born in lawful wedlock.” What interpretation shall be given to these words on the fart of the mother? The counsel for the defendants would contend, that it means from or through the mother; that it connects the bastard with the ancesti’al and descending lines of the mother, and through her collaterally with all who are of her blood. But the expression on the part of the *293 mother, does not carry the mind beyond the mother, unless connected with words of more comprehensive meaning — such as ancestors on the part of the mother, or descendants on the part of the mother. The words ex parte materna, have an established legal meaning, importing only lineal descendants, and is opposed to the words ex linea materna, which denote a capacity of both lineal and collateral inheritance. The law does not declare, that natural children shall be considered as lawfully born of their mother, for all the purposes of inheritance. It has conferred on them two capacities of inheritance only.
In the case of Stephenson’s Heirs v. Sullivant, 5 Wheat., it is said to be the first time that that court had been called upon to give a construction to this part of the statute of Ohio, and I believe it is the first time that this court'has been obliged to define its true meaning. In that case, the question was substantially the same, only the condition of the parties was reversed, the claim being there to transmit inheritance to a bastard, on the part of the mother, while here it is to de.rive inheritance' from him through the same channel. The • court say, “ before the statute, the current of inheritable blood was stopped in its passage from *and through the mother, so as to prevent the descent of the mother’s property, and of the property of her ancestors, either to her own illegitimate children, or to their legimate offspring. The object of the legislature would seem to have been to remove this impediment to the transmission of inheritable blood from the bastard in the descending line, and to give him a capacity to inherit in the ascending line, and through his mother. But although her bastard children are in these respects quasi legitimate, they are nevertheless, in all others, bastards; and as such, can have neither father, brothers, nor sisters.”
If William Gooden had died before his mother, she would have inherited the estate from him; and her brothers and sisters would have a capacity to inherit directly from her. But the law has not removed all the disabilities of bastards. It has permitted an inheritance from or to the mother; but.it has not permitted it from or to collaterals, merely because they are connected with the mother. William Gooden, therefore, died, leaving no one nest of kin, and the estate, by section 7 o'f the statute, devolved upon his widow, and the lessors of the plaintiff are therefore entitled to recover.
*294 Those who framed the late revised code of New York, seem to have been aware of the apparent difficulty which might grow out of the strict phraseology which is used in the Ohio statute; and they have removed it by employing language which is at once clear and precise. “In case of the death, without descendants, of an intestate who shall have been illegitimate, the inheritance shall descend to his mother. If she be dead, it shall descend to the relatives on the part of the mother, as if the intestate had been legitimate.” The addition of' these words would have been necessary in the statute of Ohio, to authorize the defendants to recover.